Judge Rowan
delivered the opinion of the court.
The will of Samuel M’Campbell contained, among others, the following clause: “To my son, Andrew M’Campbell, I give and bequeath the plantation, my present place of residence, containing two hundred acres, after the death of his mother.” To which, by codicil, was added as fol *113 lows: “I do leave it as my last will and desire, that my son, George Washington M’Campbell, after my decease, is to have the care and management of the plantation on which I now reside, for the care and maintenance of his mother, and those of the children, whose home and residence it may be, as long as he may see cause to act in that business, or until my son Andrew M’Campbell may arrive at the age of twenty one. And provided my son Andrew may choose to go to education, instead of the plantation, that may be done, and the plantation here alluded to, then to be George Washington M’Campbell’s, by his paying the expenses of his education, and that to be done before he may come of age.”
Andrew M’Campbell, at the death of his father, was in about the 15th year of his age. An English school was, about that time, taken up in the neighborhood of his mother’s, to which from the house of his mother he went between six and nine months, at the expense of six dollars paid by an elder brother, (who lived on the farm with his mother) for and in behalf of the said G. W. M’Campbell: the said Andrew having elected, before he was subscribed as a scholar to the school aforesaid, in the presence of his mother, sisters, and elder brother aforesaid, to take an education in lieu of the plantation aforesaid: That, after the expiration of the school aforesaid, the said Andrew conceived the idea of going to the state of Tennessee, to learn the languages with a cousin of his who taught in that state; that some preparation in the way of clothing, was made by his sisters, in furtherance of that project: But he abandoned it, and conceived the idea of learning the tanner's trade, and on that view agreed to take $400 in lieu of his education, and went to learn the tanner’s trade with a brother of his, who followed that business in the state of Ohio—where he staid about three months, renounced that project, and returned to the home plantation, and resided thereon, assisting in the culture thereof, until he arrived at the age of twenty one: That, about a year after he became of age, he agreed with his brother George, in lieu of the four hundred dollars aforesaid, to receive one half of the home plantation; and, thereupon, the executors of the said Samuel’s last will and testament, conveyed, with his assent, the one half of the plantation aforesaid, which included the improvements—upon which the said George resided until the death of his mother, sustaining her under the enfeeble *114 ment of a very great old age, and where be still resides—to recover the possession of which from the said George, this ejectment was instituted by the said Andrew; for whom verdict was found and judgment pronounced by the court below—from which the said George appealed to this court.
Where there is conflicting evidence it is the province of the jury to weigh it, and the court will not grant a new trial.
The errors assigned are—1st. That the court below erred in the instruction which they gave the jury; 2d, That the court erred in overruling the motion for a new trial.
The testimony delivered to the jury upon the trial of the cause, is contained in a bill of exceptions taken to the instructions given (upon the motion of both parties) to the jury. The principal facts are contained in the above statement of the case; as to some of them, there is various and conflicting testimony, which it is not necessary for the understanding of the case, to transcribe.
The court instructed the jury that, “if they should be of opinion, from the testimony in the cause, that by the consent both of plaintiff and defendent, during the minority of the plaintiff, the education alluded to in the codicil, was agreed to be received by the plaintiff in lieu of the land, were actually paid as they accrued, and that the defendant was able and desirous to complete the education of the plaintiff during his minority, and was prevented by causes not within his control; and that the plaintiff, after being of age, did accept an equivalent satisfactory to himself, done in good faith, without fraud, for the money that must have been expended to complete said education, such an agreement would conclude him, and under such circumstances proved to the satisfaction of the jury, they should find for the defendant.”
This court can perceive no error in the foregoing instruction, of which the defendant ought to complain. Nor can they perceive any error in the refusal by the court to grant a new trial. There was, as above stated, a good deal of conflicting evidence in relation to the facts, and it was the province of the jury to weigh the evidence and ascertain the facts therefrom. We cannot say that their verdict was contrary to the evidence, nor can we say that it was contrary to the law of the case, upon the most favorable aspect which the facts, from any, even defendant’s own evidence, could wear.
Judgment of the court below must be affirmed with costs.